Cheshire,
March 5, 1912.

### SULLIVAN  COUNTY  RAILROAD  *v.*  KEEFE  &  a.

Where the description of land taken for a railroad right of way, as contained in the original location, is too indefinite to be the foundation of condemnation proceedings, the validity of the lay-out is to be determined by the conduct of the several landowners in accepting the damages awarded them.

BILL IN EQUITY, to delimit a portion of the plaintiffs' right of way. The plaintiffs contend that some of the defendants are occupying and that others claim the right to occupy parts of their right of way which they acquired by the exercise of eminent domain. The plaintiffs' original location was similar to that of the Concord & Claremont Railroad, which is set forth in *Northern R.R.* v. *Railroad*, 27 N. H. 183. The questions of law arising upon the defendants' demurrers were transferred without ruling from the April term, 1911, of the superior court by *Pike*, J.

*John E. Allen, Albin & Sawyer*, and *Edgar W. Smith*, for the plaintiffs.

*Davis & Davis* and *Thomas E. O'Brien* (both of Vermont), and *Joseph Madden, Remick & Hollis*, and *Taggart, Tuttle, Burroughs & Wyman*, for the defendants.

YOUNG, J. The plaintiffs say they should be permitted to maintain this proceeding because locating the line described in the com-

missioners' report will be determinative of the rights of all the parties in respect of the land in dispute.    An examination of the bill shows that the description of the land to be taken, as contained in the original location, was too indefinite to be the foundation of condemnation proceedings (*Dolbeer* v. *Company,* 72 N. H. 562; *Littleton* v. *Company,* 73 N. H. 11), and that the attempted lay-out was defective.    *Northern R.R.* v. *Railroad,* 27 N. H. 183.    Although the lay-out was defective, no one of the defendants except the town of Walpole is in a position to deny that the plaintiffs have a valid location, for their several grantors (the then owners of the land) accepted the damages the commissioners awarded.    But as the location depends for its validity on the conduct of the defendants' several grantors, and not on the report of the commissioners, the test to determine whether any one of the different tracts of land in dispute is within the plaintiff's location is to inquire what the one from whom they attempted to take it understood in respect to the matter, and not what the commissioners' report shows.    In short, notwithstanding the line described in the report is relevant to the rights of the parties in respect to any of the different tracts, it is not determinative of them.    That issue as to each of the different tracts must be determined on its own facts.

*Case  discharged.*

All concurred.